**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

**CRIMINAL ACTION NO. 5: 26-CR-0002-SCM**

**UNITED STATES OF AMERICA** **PLAINTIFF**

**V.** **PLEA AGREEMENT**

**AARON DANIEL WHITTAMORE** **DEFENDANT**

* * * * *

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter guilty pleas to Counts 1 and 2 of the Indictment. Count 1 charges a violation of 21 U.S.C. § 846, conspiracy to distribute 50 grams or more of methamphetamine (actual). Count 2 charges a violation of 21 U.S.C. § 841(a)(1), possession with the intent to distribute 50 grams or more of methamphetamine (actual).

2. The essential elements of Count 1 are as follows:

(a) That two or more persons formed, reached, or entered into an agreement or understanding to knowingly and intentionally distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance;

(b) That at some time during the existence or life of the agreement or understanding, the Defendant knew the essential objective of the agreement or understanding;

(c) That the Defendant knowingly and voluntarily joined the agreement or understanding; and

(d) That the overall scope of the agreement or understanding involved an amount of 50 grams or more of methamphetamine (actual).

3. The essential elements of Count 2 are as follows:

(a) That the Defendant knowingly and intentionally possessed methamphetamine (actual), a Schedule II controlled substance;

(b) That the Defendant possessed the methamphetamine (actual) with the intent to distribute it; and

(c) That the amount of methamphetamine (actual) was at least 50 grams.

4. As to Counts 1 and 2 of the Indictment, the United States could prove the following facts that establish the essential elements of the offenses beyond a reasonable doubt, and the Defendant admits these facts:

(a) Beginning in June of 2025, law enforcement conducted a narcotics investigation in Madison County, in the Eastern District of Kentucky, involving Co-Defendant, Destiny Grace Burns. This investigation eventually culminated in a traffic stop involving Burns and the Defendant, Aaron Whittamore, on or about August 22, 2025.

(b) On August 22, 2025, law enforcement received information that Burns was going to obtain additional narcotics from a source of supply. Officers located Burns's unoccupied vehicle in a McDonald's parking lot in Madison County. After a few hours, officers observed a second vehicle arrive in the parking lot. The Defendant, Aaron Daniel Whittamore, was observed exiting the second vehicle carrying multiple bags. Officers, then, observed Burns exit the same vehicle. Burns and Whittamore were seen entering Burns's previously unoccupied vehicle and leaving the parking lot. A traffic stop was initiated on the vehicle occupied by Burns and Whittamore.

(c) During a subsequent search of the vehicle, officers located one of the bags Whittamore had been seen carrying. Inside the bag, officers located a large quantity of methamphetamine in multiple gallon sized Ziploc bags. An analysis by the DEA Lab later confirmed this quantity to be approximately 2,236.3 grams at 91% purity, resulting in a total amount of 2,035 grams of methamphetamine (actual). Officers also seized approximately $1,109 in U.S. currency during the search.

(d) After Burns and Whittamore's arrest, Burns was released from state custody while Whittamore remained in custody. In the ensuing days, Burns communicated with Whittamore that she was in the process of obtaining funds for Whittamore's release. On August 31, 2025, Burns provided $10,000 in U.S. currency to Whittamore's mother which was intercepted and seized by law enforcement at the Madison County Detention Center.

(e) Whittamore admits that on August 22, 2025, he had engaged in a conspiracy with Burns and others to knowingly and intentionally distribute methamphetamine (actual). Whittamore further admits that he knowingly and intentionally possessed over 50 grams of methamphetamine (actual) seized from Burns's vehicle on August 22 with the intent to distribute it to another person(s). Lastly, Whittamore admits that the $1,109 and $10,000 in U.S. currency seized by law enforcement constituted proceeds of drug trafficking activities.

5. The statutory punishment for Counts 1 and 2 is not less than 10 years imprisonment, not more than life imprisonment, not more than a $10,000,000 fine, and not less than 5 years of supervised release. A mandatory special assessment of $100 per count applies, and the Defendant will pay this $200 assessment to the U.S. District Court Clerk at the time of the sentencing hearing.

6. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guideline calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

(a) United States Sentencing Guidelines (U.S.S.G.), November 1, 2025, Manual, will determine the Defendant's guidelines range.

(b) Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes the facts set forth in paragraph 4 as well as the provided discovery materials.

(c) Pursuant to U.S.S.G. § 2D1.1(a)(5) and (c)(2), the base offense level for Counts 1 and 2 is at least 36 as the offense and relevant conduct involved at least 30,000 kilograms of converted drug weight.

(d) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

7. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2.

8. The Defendant waives the right to appeal the guilty plea and conviction. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9. The Defendant consents to the forfeiture to the United States, by administrative or judicial proceedings, of all right, title, and interest in the property listed in the forfeiture allegation of the Indictment. The Defendant agrees that this property is subject to forfeiture because a nexus exists between the property and the offenses to which he is pleading guilty, as set forth in the forfeiture allegation of the Indictment. The Defendant consents to the entry of a Preliminary Order of Forfeiture, pursuant to Federal Rule of Criminal Procedure 32.2, and agrees take any steps necessary to assist the government in effectuating the surrender and forfeiture of the assets identified herein, including but not limited to executing any documents necessary for the surrender and transfer of title to the United States. The Defendant agrees not to file a claim or petition seeking remission or otherwise contesting the forfeiture of the assets identified herein in any administrative or judicial proceeding, or to assist any other person or entity with doing so, and agrees to withdraw, and hereby withdraws, any such claim or petition that he already has submitted. If the

Defendant fails to surrender and forfeit the assets identified for forfeiture herein, he consents to the forfeiture of any other property of his up to the amount of the value of the assets identified for forfeiture, pursuant to 21 U.S.C. § 853(p), and further agrees that the conditions of 21 U.S.C. § 853(p)(1)(A)-(E) have been met. The Defendant voluntarily and knowingly waives all provisions in Rule 32.2 pertaining to notice and/or the timing of forfeiture orders. The Defendant voluntarily and knowingly waives all provisions in Rule 32.2 pertaining to notice and/or the timing of forfeiture orders. The Defendant also waives her right, if any, to a jury trial on forfeiture and all constitutional, legal, or equitable defenses to the forfeiture. The Defendant agrees that this forfeiture is separate and distinct from any restitution, fine, or penalty ordered by the Court and shall survive bankruptcy.

10. The Defendant abandons any interest in, and consents to the official use, destruction, or other disposition of, any item obtained by any law enforcement agency during the course of the investigation, unless an item is specifically provided for in another provision of this Agreement. The Defendant also waives any notice of a proceeding to implement the official use, destruction, or other disposition of any item abandoned under this paragraph.

11. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete, sign, and return to the United States Attorney's Office a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or

indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. Upon request, the Defendant agrees to provide the United States Attorney's Office with records verifying his financial information or with any releases required to obtain such records, with such releases being valid for a period extending 90 days from the date of sentencing. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. Prior to sentencing, the Defendant agrees to notify the United States Attorney's Office and obtain its consent before transferring, encumbering, or disposing of any interest in property with a value exceeding $1,000.00 owned or controlled directly or indirectly, individually or jointly, by the Defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. The Defendant agrees to notify the United States Attorney's Office of any material changes in her economic circumstances, as described in 18 U.S.C. § 3664(k), which occur prior to sentencing, within seven days of the event giving rise to the changed circumstances. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

12. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant waives any defense or objection to any action to enforce the collection of financial obligations to be imposed in connection with this prosecution, including, but not limited to, collection procedures authorized by the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001, et seq., 18 U.S.C. § 3664, or 18 U.S.C. § 3613. The Defendant expressly authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court. The Defendant authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office.

13. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

14. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

15. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

16. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

PAUL C. McCAFFREY
FIRST ASSISTANT
UNITED STATES ATTORNEY

Date: 3-23-26 By: [signature]
Francisco J. Villalobos II
Assistant United States Attorney

Date: 3/20/26 [signature]
Aaron Daniel Whittamore
Defendant

Date: 3/20/26 [signature]
Patrick F. Nash
Attorney for Defendant